**PEOPLE OF the State of CALIFORNIA, Plaintiff–Appellant,**

**v.**

**POWEREX CORPORATION, dba Powerex Energy Corporation; Public Service Company of New Mexico, Defendants–Appellees.**

**No. 06–15947.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2008.

Filed April 21, 2008.

Myung J. Park, DAG, Song J. Hill, Esq., Office of the California Attorney General, San Francisco, CA, for Plaintiff–Appellant.

Andrew M. Edison, Esq., J. Clifford Gunter, III, Esq., Bracewell & Giuliani,

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

LLP, Houston, TX, John A. Mason, Esq., Steven H. Gurnee, Esq., Gurnee & Daniels, LLP, Roseville, CA, Richard W. Osen, Esq., Laura J. Fowler, Esq., Richard E. Brandt, Esq., McDonough, Holland & Allen, Sacramento, CA, Robert P. Edwards, Jr., Esq., Troutman Sanders Atlanta, GA, Stephen G. Rinehart, Esq., Troutman Sanders, LLP, New York, NY, for Defendant–Appellee.

Before: HUG, RYMER, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

The Attorney General of California (Attorney General) challenges the district court's denial of his motion to remand to state court his state antitrust claims against two energy marketers, Appellees Powerex Corporation (Powerex) and Public Service Company of New Mexico (PNM). The Attorney General also challenges the district court's grant of Appellees' motions to dismiss based on federal preemption.

■ The district court properly denied the Attorney General's motion to remand, as the Attorney General's claims raised a substantial federal question under the Federal Power Act (FPA). The Attorney General's antitrust claims depend on whether Powerex and PNM sold in-state electricity as out-of-market electricity, a federal issue over which the Federal Energy Regulatory Commission (FERC) has exclusive jurisdiction. *See California ex rel. Lockyer v. Dynegy, Inc.,* 375 F.3d 831, 843 (9th Cir.2004) ("[R]emoval jurisdiction lies over a claim to enforce obligations that squarely fall within the exclusive jurisdiction provision of the Federal Power Act.") (citation omitted).[1]

■ The district court also properly granted Appellees' motions to dismiss based on federal preemption. Because the Attorney General's antitrust claim would require either a determination of a reasonable rate or a classification of the energy sources involved, it is preempted. *See Pub. Util. Dist. No. 1 of Snohomish County v. Dynegy Power Mktg., Inc.,* 384 F.3d 756, 761 (9th Cir.2004) (holding that state antitrust claim was "barred by the filed rate doctrine, by field preemption, and by conflict preemption"). The Attorney General's reliance on *Otter Tail Power Co. v. United States,* 410 U.S. 366, 93 S.Ct. 1022, 35 L.Ed.2d 359 (1973), is misplaced, as that case involved a federal rather than state antitrust action. *Id.* at 368, 93 S.Ct. 1022; *see also Connell Const. Co., Inc. v. Plumbers & Steamfitters Local Union No. 100,* 421 U.S. 616, 635–36, 95 S.Ct. 1830, 44 L.Ed.2d 418 (1975).

Relying on *California ex rel. Lockyer v. FERC,* 383 F.3d 1006 (9th Cir.2004), the Attorney General asserts that Powerex cannot rely on the filed rate doctrine because Powerex failed to properly file its rates pursuant to the FPA. In *Lockyer,* however, we did not hold that FERC's failure to require strict reporting requirements precluded reliance on the filed rate doctrine in the preemption context. *See id.* at 1015–17. In any event, the Attorney General's claims are also preempted based

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because we affirm the district court's exercise of jurisdiction based on the the FPA, we

do not address Powerex's alternative argument concerning the Foreign Sovereign Immunities Act.

576

on field preemption and conflict preemption. *See Snohomish,* 384 F.3d at 761.

**AFFIRMED.**